IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN 29 A 11: 40
CLERK_____
SO. DIST. OF GA.

JACKIE LEE CHAMBERS,

    Petitioner,

vs.

SUZANNE R. HASTINGS, Warden,

    Respondent.

CIVIL ACTION NO.: CV212-195

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jackie Chambers ("Chambers"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Chambers filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**. Chambers' Motion for Expedited Ruling is **DISMISSED** as moot.

## STATEMENT OF THE FACTS

Chambers was convicted, after a jury trial, in the Western District of Oklahoma of: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute five (5) or more grams of a substance containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a controlled substance containing cocaine powder and methamphetamine, in violation of 21 U.S.C. § 844(a); and making materially false statements, in violation of 18 U.S.C. § 1001(a)(2). The district court sentenced Chambers to 324 months' imprisonment. Chambers filed a

direct appeal, and the Tenth Circuit Court of Appeals affirmed Chambers' conviction and sentence. United States v. Chambers, 268 F. App'x 707 (10th Cir. 2008). Chambers later filed two (2) motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). These motions were granted, and Chambers' sentence was reduced to 168 months' imprisonment. (Doc. No. 10, p. 2).

Chambers then filed an "Affidavit of Lack of Attorney-Client Relationship" in his Oklahoma criminal case. In this affidavit, Chambers asserted that he never had an attorney-client relationship with his defense attorney, he was not informed of the plea options available to him, and he never possessed the drugs with which he was charged. The Government did not file any response to this affidavit. (Id. at pp. 2-3).

In this petition, Chambers contends that the "facts" alleged in his affidavit are uncontestable because the Government did not respond to his affidavit. Chambers also contends that he is actually innocent of the crimes for which he was convicted. Chambers further contends that: he did not have an attorney-client relationship; he was held without jurisdiction; exculpatory evidence was hidden from him; the witnesses provided false testimony, of which the Government was aware; defense counsel was paid by people with interests adverse to him; other Government witnesses had conflicts of interest and testified falsely; and the Government and defense counsel hid these due process concerns from him. (Doc. No. 1, p. 4).

Respondent asserts that Chambers does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

AO 72A
(Rev. 8/82)

2

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Chambers' action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Chambers asserts that he brings this action pursuant to section 2241 because this statute "provides the only access to the court for [him]. Undisputed facts before the court evidence and prove Petitioner is held illegally and unlawfully and is actually innocent." (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil,

3

119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); <u>Cohen v. United States</u>, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); <u>Stirone v. Markley</u>, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); <u>Spaulding v. Taylor</u>, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice.*

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244.

Chambers cites to recent United States Supreme Court decisions in <u>Missouri v. Frye</u>, ___ U.S. ___, 132 S. Ct. 1399 (Mar. 12, 2012), and <u>Lafler v. Cooper</u>, ___ U.S. ___, 132 S. Ct. 1376 (Mar. 21, 2012). According to Chambers, these cases reveal undisputable violations of his Sixth Amendment rights during the plea process and are applicable to his petition. However, even if these cases are retroactively applicable,

Chambers fails to present evidence that he was convicted of a non-existent offense, as the cases he cites do not de-criminalize the conduct for which he was convicted.

Chambers has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Simply because Chambers' contentions were not sustained on previous occasions or he failed to assert these claims on previous occasions, does not render § 2255 inadequate or ineffective to permit Chambers to proceed pursuant to section 2241. Because Chambers has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Chambers cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Chambers is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Chambers' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 29th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE