IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JACKIE LEE CHAMBERS,

 Petitioner,

vs.           CIVIL ACTION NO.: CV212-195

SUZANNE R. HASTINGS, Warden,

 Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Chambers asserts that, pursuant to Gilbert v. United States, 640 F.3d 1293, 1318 (11th Cir. 2011), he is entitled to bring his actual innocence claim under 28 U.S.C. § 2255(h), based on newly discovered evidence, without meeting the test announced in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Section 2255(h) provides an actual innocence exception to bringing a second or successive § 2255 motion. This statute does not relate in any way to a prisoner's ability to bring a 28 U.S.C. § 2241 petition. Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Chambers has not met the Wofford test.

Chambers also provides numerous excerpts of law dealing with procedural default and miscarriage of justice and the relationship of those concepts to his actual

AO 72A
(Rev. 8/82)

innocence claim. Chambers argues that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a determination on the merits of his claim. Chambers' argument was foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009). In Kelley, a § 2241 petitioner appealed the dismissal of his petition, which asserted that he was actually innocent of the crime for which he was convicted, arguing that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court went on to explain that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]" Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Chambers has not met the Wofford test; therefore, Chambers cannot bring his claim pursuant to § 2241. This Court's decision to not render a decision on the merits of Chambers' actual innocence claim will not result in a miscarriage of justice.

Chambers' Objections are **overruled**. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court.

AO 72A
(Rev. 8/82)

Respondent's Motion to Dismiss is **GRANTED**. Chambers' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 19 day of February, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA